**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:16-cv-452 |
| ) | |
| vs. ) | |
| ) | |
| KEY HOTELS OF ATMORE II, LLC, ) | |
| ANAND PATEL, DIPAN PATEL, and ) | |
| SARJU PATEL, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants Key Hotels of Atmore II, LLC, Anand Patel, Dipan Patel, and Sarju Patel does hereby allege and aver:

**Parties**

1. Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Alabama, having a principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.

2. Upon information and belief, Defendant Key Hotels of Atmore II, LLC is a limited liability company organized under the laws of the State of Alabama having a business address of 1610 South Main Street, Atmore, Alabama 36502.

3. Upon information and belief, Defendant Anand Patel is a natural person and member of Defendant Key Hotels of Atmore II, LLC, who resides and regularly conducts business

1

in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 1610 South Main Street, Atmore, Alabama 36502.

4. Upon information and belief, Defendant Dipan Patel is a natural person and member of Defendant Key Hotels of Atmore II, LLC, who resides and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 1610 South Main Street, Atmore, Alabama 36502.

5. Upon information and belief, Defendant Sarju Patel is a natural person and member of Defendant Key Hotels of Atmore II, LLC, who resides and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 1610 South Main Street, Atmore, Alabama 36502. (Defendants Key Hotels of Atmore II, LLC, Anand Patel, Dipan Patel and Sarju Patel are hereinafter collectively referred to as "Key Hotels".)

**Jurisdiction and Venue**

6. This Court has both diversity and federal question jurisdiction over this case.

7. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act

claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. Upon information and belief, Key Hotels has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over him comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Choice Hotels and the QUALITY® family of marks**

13. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of operating and franchising hotels and motels.

14. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

15. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16. Choice Hotels is now a publicly-traded company with more than 6,000 franchised hotels.

17. Choice Hotels offers high value, mid-priced, hotel, motel and restaurant services under such well-known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

18. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY® marks since at least as early as 1939.

19. Choice Hotels is the owner of several United States Trademark Registrations for its QUALITY® family of marks.

3

20. Choice Hotels is the owner of United States Trademark Registration No. 0,886,881 (hereinafter, "the '881 registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

21. The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,050,372 (hereinafter, "the '372 Registration") for the mark QUALITY for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

23. The '372 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,183,294 (hereinafter, "the '294 Registration") for the mark QUALITY INN for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

25. The '294 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 1,534,820 (hereinafter, "the '820 Registration") for the mark QUALITY HOTEL for use in connection with the provision of hotel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

27. The '820 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

28. Choice Hotels is the owner of United States Trademark Registration No. 1,769,488 (hereinafter, "the '488 Registration") for the mark QUALITY RESORT for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

29. The '488 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 2,729,999 (hereinafter, "the '999 Registration") for the mark Q QUALITY INN + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

31. The '999 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

32. Choice Hotels is the owner of United States Trademark Registration No. 2,732,875 (hereinafter, "the '875 Registration") for the mark Q QUALITY SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

33. The '875 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

34. Choice Hotels is the owner of United States Trademark Registration No. 2,946,054 (hereinafter, "the '054 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

35. The '054 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

36. Choice Hotels is the owner of United States Trademark Registration No. 3,053,888 (hereinafter, "the '888 Registration") for the mark QUALITY SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9.

37. The '888 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

38. Choice Hotels is the owner of United States Trademark Registration No. 3,448,436 (hereinafter, "the '436 Registration") for the mark QUALITY INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10.

39. The '436 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

40. Choice Hotels is the owner of United States Trademark Registration No. 3,448,437 (hereinafter, "the '437 Registration") for the mark Q QUALITY INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11.

41. The '437 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

42. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 (hereinafter, "the '885 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12.

43. The '885 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

44. Choice Hotels is the owner of United States Trademark Registration No. 3,569,789 (hereinafter, "the '789 Registration") for the mark Q QUALITY HOTEL + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13.

45. The '789 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

46. Choice Hotels is the owner of United States Trademark Registration No. 3,837,912 (hereinafter, "the '912 Registration") for the mark Q (Stylized) for use in connection with hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others; providing a complimentary breakfast to hotel guests. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 14.

47. The '912 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

48. Since the inception of their use, the service marks described above (hereinafter, collectively, "the QUALITY® family of marks"), have been used by Choice Hotels, its

predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

49. Each registration identified above remains active, valid and enforceable.

50. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the QUALITY® family of marks.

51. As a result of the concerted branding efforts of Choice Hotels, the marks in the QUALITY® family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

52. The marks in the QUALITY® family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the QUALITY® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

53. On or about September 30, 2011, Choice Hotels entered into a Franchise Agreement with Key Hotels that permitted Key Hotels to operate a QUAILTY INN® hotel franchise at 1610 South Main Street, Atmore Alabama 36502 (hereinafter, "the Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 15.

54. The Franchise Agreement specifically licensed the QUALITY® family of marks to Key Hotels for so long as the Franchise Agreement remained in effect.

55. Paragraph 11 of the Franchise Agreement provides that upon termination, Key Hotels must immediately discontinue use of all trademarks belonging to Choice Hotels and that Key Hotels must refrain from using the Choice Hotels trademarks to identify the Hotel.

56. Prior to June 27, 2013, Key Hotels defaulted on its material obligations under the franchise agreement by (1) failing to pay its monthly franchise fees; and (2) failing to pay its service charges.

57. The failure to meet the payment requirements of the Franchise Agreement constitutes a default of Key Hotels' material obligations under the Franchise Agreement.

58. On or about June 27, 2013, Choice Hotels issued a Notice of Default, via FEDEX® delivery service, to Key Hotels articulating the areas of breach and offering Key Hotels the opportunity to take curative action to avoid termination of the Franchise Agreement. A true and correct copy of the Notice of Default is attached hereto as Exhibit 16.

59. Key Hotels was given ten days to cure the default.

60. Key Hotels did not cure the default on or before expiration of the ten-day deadline.

61. On or about August 29, 2013, Choice Hotels issued a Notice of Termination, via FEDEX® delivery service, to Key Hotels. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 17.

62. The Notice of Termination was issued as a result of Key Hotels' failure to cure its default under the Franchise Agreement.

63. The Notice of Termination instructed Key Hotels to immediately cease and desist use of any and all marks owned by Choice Hotels, including the QUALITY® family of marks. The Notice of Termination specifically instructed Key Hotels to remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van

Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail and Domain Name.

64. The Notice of Termination further advised Key Hotels that continued use of the QUALITY® family of marks would constitute trademark infringement and would be dealt with accordingly.

65. The Notice of Termination further advised Key Hotels that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $24,370.77 in franchise and related fees, $279.56 in travel agent commissions, and $61,740.00 for the remaining term of the Franchise Agreement.

66. The Notice of Termination demanded that Key Hotels tender full payment of $86,390.33 balance due and owing. Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

67. Upon information and belief, Key Hotels did not comply with the requirements set forth in the Notice of Termination.

68. Thereafter, Choice Hotels discovered that Key Hotels continued to use the QUALITY® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

69. On or about November 23, 2015, Choice Hotels filed an arbitration claim against Key Hotels with the American Arbitration Association based on Key Hotels's breach of the Franchise Agreement.

70. On or about May 7, 2016, the American Arbitration Associated issued an award in favor of Choice Hotels and against Key Hotels in the amount of $95,870.73 resulting from Key Hotels' breach of the Franchise Agreement. A true and correct copy of the Award of Arbitrator is attached hereto as Exhibit 18.

71. Throughout the arbitration process, Key Hotels continued to make unauthorized use of the QUALITY® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

72. Thereafter, Choice Hotels discovered that Key Hotels continued to use the QUALITY® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

73. On or about July 22, 2016, a representative from Choice Hotels conducted a site inspection of the Subject Property and discovered that the QUALITY® family of marks are still on display:



74. At no time after August 29, 2013 was Key Hotels authorized to use any of the marks in the QUALITY® family of marks at the Subject Property.

75. Notwithstanding, after August 29, 2013 Key Hotels continued to make extensive unauthorized use of the QUALITY® family of marks at the Subject Property.

76. The continued use of the QUALITY® family of marks by Key Hotels has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the QUALITY® family of marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

77. Paragraphs 1-76 are incorporated by reference herein as though set forth in their entirety.

78. Choice Hotels is the owner of a family of QUALITY® marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration.

79. Choice Hotels licensed the QUALITY® family of marks to Key Hotels as part of a Franchise Agreement.

80. Upon information and belief, after termination of the Franchise Agreement and its license, and despite receiving multiple notices regarding said termination, Key Hotels continued to use, and continues to use the QUALITY® family of marks, including one or more of the

federally registered marks identified in paragraph 78 above, in connection with the provision of hotel and motel services at the Subject Property.

81. Upon information and belief, Key Hotels had actual knowledge of the QUALITY® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

82. The acts of Key Hotels as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

83. As a direct and proximate cause of the infringing acts of Key Hotels, Choice Hotels has been damaged in an amount to be determined at trial.

84. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Key Hotels, and the cost of the action under 15 U.S.C. §1117.

85. The acts of Key Hotels as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

86. The acts of Key Hotels as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

87. Paragraphs 1-86 are incorporated by reference herein as though set forth in their entirety.

88. Upon information and belief, Key Hotels had actual knowledge of the QUALITY® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

89. Upon information and belief, Key Hotels has used, and continues to use, one or more of the marks in the QUALITY® family of marks in commerce in connection with the provision of hotel and motel services.

90. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Key Hotels, or as to the origin, sponsorship, or approval of the services or commercial activities of Key Hotels by Choice Hotels.

91. As a direct and proximate cause of the acts of Key Hotels as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

92. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Key Hotels, and the cost of the action under 15 U.S.C. §1117.

93. The acts of Key Hotels as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

94. The acts of Key Hotels as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
## Common Law Trademark Infringement/Unfair Competition

95. Paragraphs 1–94 are incorporated by reference herein as though set forth in their entirety.

96. The activities of Key Hotels as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Choice Hotels; therefore, those activities constitute unfair competition pursuant to the common law of Alabama.

97. Key Hotels has used, and continues to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore, those activities constitute trademark infringement under the common law of Alabama.

98. The conduct of Key Hotels as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels International, Inc., prays:

A. That Key Hotels, its agents, servants, employees and all those in active concert or participation with him, be permanently and forever enjoined from using any of the marks in the QUALITY® family of marks, including but not necessarily limited to, the marks appearing in the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration or any mark confusingly similar thereto;

B.     That Key Hotels be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the QUALITY® family of marks;

C.     That Choice Hotels be awarded judgment for damages against Key Hotels, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1) all profits received by Key Hotels from sales and revenues of any kind as a result of the actions complained of herein; and

2) all damages sustained by Choice Hotels as a result of Key Hotels's acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of Key Hotels, this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D.     That Choice Hotels be awarded judgment for damages resulting from Key Hotels's common law trademark infringement and unfair competition;

E.     That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

F.     That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

G.     That all triable issues be brought before a jury.

Dated:  August 26, 2016.	Respectfully Submitted,

**TREGO, HINES & LADENHEIM, PLLC**


By: <u>Matthew J. Ladenheim</u>
    Matthew J. Ladenheim
    N.C. Bar No. 29309
    mjl@thlip.com

    Ted F. Mitchell
    N.C. Bar No. 23357
    tfm@thlip.com

    TREGO, HINES & LADENHEIM, PLLC
    9300 Harris Corners Parkway, Suite 210
    Charlotte, NC 28269
    P:704-599-8911
    F:704-599-8719

        *Attorneys for Plaintiff*
        *Choice Hotels International, Inc.*