## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERANTIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 16-0452-CG-B |
| | ) | |
| KEY HOTELS OF ATMORE II, LLC; ANAND PATEL; DIPAN PATEL; AND SARJU PATEL | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## ORDER

This matter is before the Court on Plaintiff's Lodestar Petition (Doc. 39) timely filed in response to this Court's Order on Damages (Doc. 36). Plaintiff seeks and award of attorney fees in the amount of $16,680.00. Upon consideration of the petition and exhibits presented unto the Court, the petition is **GRANTED** to the extent that, of the total request of $16,680.00, the court will award $15,290.00 in attorney's fees.

### I. The Attorney's Fee Standard

The Lanham Act provides that a court may award attorney fees "in exceptional cases." 15 U.S.C.§ 1117(a). This Court has previously determined that this case is one of those exceptional cases warranting an award of attorney's fees. (Doc. 20 at 16; Doc. 36 at 16). Therefore, the only question before this Court is whether the amount sought by Plaintiff is reasonable.

Generally, "[t]he starting point for calculating a reasonable attorney's fee is

"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). To make this determination, the district court should consider the relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)). The product of these two numbers is referred to as the "lodestar" and there is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350–51; *Cf. Mock v. Bell Helicopter Textron, Inc.*, 456

---

[1] The Fifth Circuit instructed the district court to consider, on remand, the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717–19.

F. App'x 799, 802 (11th Cir. 2012) (affirming a 25% reduction for lack of success in an ADEA action).  The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted).  The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari,* 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

A.  Reasonable hourly rate

The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11, 104 S.Ct. 1541 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir.

1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered. Further, although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of Ladenheim seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the Court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F. 2d at 1303).

Plaintiff seeks attorney's fees for the efforts of its counsel, Matthew Ladenheim of Trego, Hines & Ladenheim, PLLC ("THL"), for the time he spent litigating this action from July 2016 to August 2017. (Doc. 39 at 3).[2] Plaintiff's counsel seeks an hourly rate of $300.00. In support of his request, Matthew Ladenheim, submitted the following four (4) exhibits: (1) Declaration of Matthew

---

[2] Plaintiff "does not seek recovery for paralegal time or for time for lawyer time for attorneys who only participated in the case tangentially or in minor ways such as editing, proof reading, internal office conferences, and the like. Nor does Choice Hotels seek recovery for what would otherwise be reimbursable travel expenses such as airfare, car rental and lodging." (Doc. 39 at 4).

Ladenheim (Doc. 39-1), (2) *Curriculum Vitae* of Matthew Ladenheim (Doc. 39-2), (3) AIPLA Report of Economic Survey of 2013 (Doc. 39-3), and (4) a Memorandum Opinion from the Northern District of Alabama, Northeastern Division from 2010 (Doc. 39-4) finding counsel's hourly rate reasonable[3].

As to skill and experience, Ladenheim has seventeen (17) years total experience, sixteen (16) years experience with intellectual property litigation, and he has a current practice focused on trademark prosecution and general intellectual property litigation. (Doc. 39 at 4; Doc. 39-1). He is a Board Certified Specialist in Trademark Law and serves on the Trademark Specialization Committee of the North Carolina State Bar Board of Legal Specialization. (Doc. 39-1). His standard hourly rate is $300, which he submits is lower than the average rate for intellectual property attorneys with 15-24 years experience ($481/per hour) and lower than the average rate for intellectual property attorneys in the Southeast Regional market ($402/per hour). (Doc. 39-3). Lastly, Ladenheim submits that his requested hourly rate in this litigation is reasonable based on a 2010 Order from the Northern District of Alabama, Northeastern Division, which found that, at that time – when he had seven years less experience – his hourly rate of $250 was reasonable. (Doc. 39 at 8-9; Doc. 39-4). Ladenheim points out that Plaintiff has been represented by THL for eight (8) years and that Plaintiff was actually billed at an hourly rate of

---

[3] Mr. Ladenheim's hourly rate in 2010 was $250 per hour, not the requested $300 per hour he now seeks. However, Mr. Ladenheim relies on the previous Order to show that with an additional seven (7) years experience, the hourly rate he seeks in this action is reasonable.

$300 for this action. (Doc. 39 at 6, 8). Defendants have not participated in the litigation of this action and have not filed any pleading disputing the amount requested by Plaintiff.

Plaintiff has not provided any documentation to this Court that the prevailing market rate in Mobile, Alabama is $300 per hour for services similar to those rendered by Ladenheim. Further, a review of those rates that this Court has routinely found to be reasonable are less than the requested hourly rate of Ladenheim. *See Vision Bank v. Anderson*, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011) ($250/hour rate was reasonable for a partner with 15 years experience); *Vision Bank v. FP Mgmt., LLC*, 2012 WL 222951, at *3 (S.D. Ala. Jan. 25, 2012) (same); *Wells Fargo Bank, N.A. v. Williamson*, 2011 WL 382799, at *4 (S.D. Ala. Feb. 3, 2011) (same); *Lifeline Pharmaceuticals, LLC v. Hemophilia Infusion Managers*, LLC, 2012 WL 2600181 at *3 (S.D. Ala. July 5, 2012)("Recent awards [in this District] almost without exception have utilized hourly rates of $220 to $275 for partners."). Further, while Defendant's lack of participation in this action may have resulted in additional filings by Plaintiff, Plaintiff acknowledges that this action did not involve novel or overly complex points of law. (Doc. 28 at 5).

Therefore, upon consideration of the relevant *Johnson* factors and the submissions of counsel and based on this Court's own knowledge and experience, the Court finds that $275 is a reasonable hourly rate for Ladenheim.

B. Hours reasonably expended

"Counsel for the prevailing party should make a good faith effort to exclude

from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Therefore, a district court should not allow any hours which are "excessive, redundant, or otherwise unnecessary", such as hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). "Redundant hours generally occur when more than one attorney represents a client", although "they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02.

Generally, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board-cut." *Bivins*, 548 F.3d at 1350 (citation omitted). If the district court employs an across-the-board cut, it must "provide a concise but clear explanation of its reasons for the reduction." *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question. Ladenheim represents that he spent 55.6 hours on the litigation of this action over the course of more than a year which consists of time spent doing the following tasks: Research and investigation of claims; Draft, edit, and revision of the complaint; Filing of the complaint; Service of the complaint;

Draft, edit, and revision of Motion or Preliminary Injunction and accompanying Memorandum; Preparation of the Motion for Entry of Default; Preparation of Motion for Default Judgment and accompanying Memorandum, Preparation of Notice of Non-Compliance, Preparation of Second Notice of Non-Compliance, Communications with the United States Marshal Service, Preparation of Contempt and Seizure Materials, Travel to Subject Property to with United States Marshal Service to execute Seizure Order; and Motion practice on damages. (Doc. 39 at 5). Ladenheim represents that the subject action was a standard trademark infringement action with no novel or difficult points of law. (Doc. 39 at 5). However, Plaintiff points out that Defendant's complete failure to participate in the subject litigation forced Plaintiff to participate in additional motion practice. (Doc. 39 at 7). Considering the relevant *Johnson* factors and the history of this action, including the number of filings filed by Plaintiff, the Court finds that the hours expended in this action by Ladenheim are reasonable.

C. Calculating the lodestar

The Court has determined that Plaintiff is entitled to an hourly rate of $275 for the services performed by Ladenheim and that Ladenheim reasonably expended 55.6 hours in this action. Accordingly, the lodestar is $15,290.00. The Court does not find it necessary to adjust the lodestar in this action.

### III. CONCLUSION

Based upon consideration of the above analysis, the Court **GRANTS** Plaintiff's Lodestar Petition (Doc. 39) to the extent that, of the total request of

$16,680.00, the Court will award $15,290.00 in attorney's fees..

**DONE** and **ORDERED** this 15th day of September 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE